```
                                                              FILED
                                                        U.S. DISTRICT COURT
              IN THE UNITED STATES DISTRICT COURT         AUGUSTA DIV.

           FOR THE SOUTHERN DISTRICT OF GEORGIA    2006 JAN 12 PM 3:45

                        AUGUSTA DIVISION           CLERK_____
                                                      SO. DIST. OF GA.
```

JAMES NATHANIEL DIXON,            )
                                  )
        Movant,               )
                                  )
v.                                )    CV 105-208
                                  )    (CR 197-43)
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.           )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Movant has filed a motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255. The motion is now before the Court for initial review under Rule 4 of the Rules Governing Section 2255 Proceedings. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the Section 2255 motion be **DENIED** and that this civil action be **CLOSED**.

**I. BACKGROUND**

On October 2, 1998, a jury sitting in Augusta, Georgia, convicted movant of possession with intent to distribute cocaine in violation of Title 21, United States Code, Section 841 and conspiracy to possess with intent to distribute cocaine base in violation of Title 21, United States Code, Section 846. The court sentenced movant to 324 months in prison. The Eleventh Circuit affirmed the conviction and sentence on February 18, 2000.

United States v. Jackson, No. 98-9267 (11th Cir. 2000). On July 25, 2000, movant, proceeding pro se, filed for leave to submit an untimely petition for writ of certiorari in the United States Supreme Court. The Court denied the petition on February 20, 2001. Dixon v. United States, 531 U.S. 1155 (2001).

Movant then filed a motion under Section 2255 on January 22, 2002. In the motion, movant argued that the court sentenced him in violation of the Supreme Court's rule in Apprendi v. New Jersey, 530 U.S. 466 (2000). The court denied his motion on May 24, 2002. Dixon v. United States, CV102-8 (S.D. Ga. 2002). Movant appealed, and the Eleventh Circuit affirmed the denial of movant's Section 2255 motion on April 15, 2003. Dixon v. United States, No. 02-13261 (11th Cir. 2003).

Movant filed the instant Section 2255 motion on December 28, 2005. As grounds for relief, movant again asserts that the court sentenced him in violation of Apprendi and Booker v. United States, 543 U.S. 220 (2005), in which the Supreme Court applied Apprendi to the Sentencing Guidelines.

## II. DISCUSSION

Movant's successive Section 2255 motion is barred by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, codified at Title 28, United States Code, Sections 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convinc-

> ing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Under Section 2244, prior to filing a successive petition in a district court, a movant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); accord In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (per curiam) ("Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion.").

The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same conclusion. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (holding that district court lacked jurisdiction to consider "functional equivalent" to second Section 2254 petition for writ of habeas corpus); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (finding that district court properly denied successive Section 2254 petition because petitioner neglected to obtain certificate from court of appeals authorizing district court to consider motion).

In this case, movant filed a Section 2255 motion on January 22, 2002. The court denied the motion. Because movant apparently has not obtained permission from the

3

Eleventh Circuit to file a successive motion, the instant Section 2255 motion should be denied.

### III. CONCLUSION

Based on an initial review of the instant Section 2255 motion, as required by Rule 4 of the Rules Governing Section 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DENIED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27 day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE